1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT FOR THE

7                         EASTERN DISTRICT OF CALIFORNIA

8

9  TERRY CRANDALL MINCEY,          )        No. CV-F-04-6373 REC
                                   )        (No. CR-F-97-5266 REC)
10                                 )
                                   )        ORDER DENYING PETITIONER'S
11              Petitioner,        )        MOTION TO VACATE, SET ASIDE
                                   )        OR CORRECT SENTENCE PURSUANT
12      vs.                        )        TO 28 U.S.C. § 2255 AND
                                   )        DIRECTING ENTRY OF JUDGMENT
13  UNITED STATES OF AMERICA,      )        FOR RESPONDENT
                                   )
14                                 )
                                   )
15              Respondent.        )
                                   )
16  _____)

17      On October 6, 2004, petitioner Terry Crandall Mincey timely

18  filed a motion to vacate, set aside or correct sentence pursuant

19  to 28 U.S.C. § 2255.

20      Based on the court's initial review of petitioner's motion,

21  the court concludes that petitioner has not demonstrated that he

22  is entitled to relief on any of the grounds asserted in the

23  motion.

24      **A.   <u>Grounds One, Three, Six and Eight Based on Blakely and</u>**

25  **<u>Booker</u>.**

26      A number of petitioner's grounds for relief are based on

                                    1

<u>Blakely v. Washington</u>, ___ U.S. ___, 124 S.Ct. 2531 (2004) and

<u>United States v. Booker</u>, ___ U.S. ___, 125 S.Ct. 738 (2005).

Thus, in Ground One,, relying on <u>Blakely</u> and <u>Booker</u>, petitioner argues that his sentence is unconstitutional because it was imposed under the United States Sentencing Guidelines. Petitioner further contends that the base offense level and an enhancement for role in the offense were improperly determined by the court as opposed to a jury beyond a reasonable doubt.[1]

Petitioner is not entitled to relief on this ground. Neither <u>Booker</u> nor <u>Blakely</u> have been made retroactively applicable to cases on collateral review.  <u>See</u> <u>Cook v. United States</u>, 386 F.3d 949 (9th Cir. 2004); <u>Green v. United States</u>, 2005 WL 237204 (2nd Cir. 2005); <u>McReynolds v. United States</u>, 2005 WL 237642 (7th Cir. 2005); <u>In re Anderson</u>, 2005 WL 123923 (11th Cir. 2005).

In Grounds Three and Eight, petitioner asserts that he was denied the effective assistance of appellate counsel when appellate counsel failed to raise <u>Blakely</u> and <u>Booker</u> on direct appeal, and "failed to appropriately raise the <u>Blakely</u>, <u>Apprendi</u>, <u>Booker</u>, and <u>Fanfan</u> issues either on Petition for Rehearing in the Ninth Circuit or on Petition for Certiorari to the Supreme Court."  In Ground Six, petitioner contends that he was denied the effective assistance of trial counsel when trial counsel

_____

[1]At the time petitioner filed this Section 2255 motion, the United States Supreme Court had not issued <u>Booker</u>.  However, petitioner relied on the fact that the Supreme Court had granted certiorari in <u>Booker</u>.

1   "failed to raise the <u>Blakely</u>, <u>Booker</u> and <u>Fanfan</u> issues prior to

2   trial."

3         In <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), the Supreme

4   Court held that "[o]ther than the fact of a prior conviction, any

5   fact that increases the penalty for a crime beyond the prescribed

6   statutory maximum must be submitted to a jury, and proved beyond

7   a reasonable doubt."   530 U.S. at 490.   At the time of

8   petitioner's conviction and sentencing, it was established law in

9   the Ninth Circuit that sentencing enhancements under the

10   Sentencing Guidelines were determined by the sentencing judge

11   under the preponderance of the evidence standard as long as the

12   sentence imposed did not exceed the statutory maximum.   <u>See</u>

13   <u>United States v. Hernandez-Guardado</u>, 228 F.3d 1017, 1026-1027

14   (9th Cir. 2000).   Petitioner's direct appeal to the Ninth Circuit

15   was filed in 2001.   Petitioner's conviction and sentence were

16   affirmed by the Ninth Circuit on February 28, 2003.   <u>Blakely</u>,

17   which involved state law, was not issued by the Supreme Court

18   until June 24, 2004.   Although <u>Blakely</u> called the ruling in

19   <u>Hernandez-Guardado</u> into doubt, <u>Blakely</u> was not applied to initial

20   sentencings under the Sentencing Guidelines by the Ninth Circuit

21   until it issued <u>United States v. Ameline</u>, 376 F.3d 967 (9th Cir.

22   2004), on July 21, 2004.[2]   The Supreme Court's decision in

23   <u>Booker</u>, applying <u>Blakely</u> to the Sentencing Guidelines, was not

24   decided by the Supreme Court until January 12, 2005.   Petitioner

25

26         [2]Rehearing <u>en banc</u> has been granted in <u>Ameline</u> at 401 F.3d
1007 (9th Cir. 2005).

1  was convicted on April 17, 2000.  Petitioner's appeal of his

2  conviction and sentence was filed in 2001.  His conviction and

3  sentence were affirmed by the Ninth Circuit on February 28, 2003.

4  The petition for rehearing was filed in the Ninth Circuit on

5  April 3, 2003.  The petition for writ of certiorari was filed in

6  the Supreme Court on August 5, 2003.  As a matter of law, the

7  Blakely and Booker rulings cannot give rise to a viable claim of

8  ineffective assistance of counsel based on appellate counsel's

9  failure to object to events that Blakely and Booker may have

10  rendered unconstitutional months later contrary to binding

11  precedent.  See Aird v. United States, 339 F.Supp.2d 1305, 1313-

12  1314 (S.D.Ala. 2004).

13      Therefore, to the extent that petitioner's claims for relief

14  are based on Blakely and Booker, the claims are without merit and

15  are denied.

16      **B.  Grounds Two, Four and Five**.

17      Petitioner contends that he was denied the effective

18  assistance of counsel when his appellate counsel failed to raise

19  any sentencing and/or guideline issues on direct appeal.  In so

20  asserting, petitioner refers to the claims of ineffective

21  assistance of counsel raised in Grounds Four and Five, infra.

22      The standards governing an assertion of ineffective

23  assistance of counsel are set forth in Strickland v. Washington,

24  466 U.S. 668 (1984).  As explained in United States v. Quintero-

25  Barraza, 78 F.2d 1344, 1348 (9th Cir. 1995), cert. denied, 519

26  U.S. 848 (1996):

4

According to Strickland, there are two components to an effectiveness inquiry, and the petitioner bears the burden of establishing both ... First, the representation must fall 'below an objective standard of reasonableness.' ... Courts scrutinizing the reasonableness of an attorney's conduct must examine counsel's 'overall performance,' both before and at trial, and must be highly deferential to the attorney's judgments ... In fact, there exists a 'strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."' ... In short, defendant must surmount the presumption that, 'under the circumstances, the challenged action "might be considered sound trial strategy."' ... Thus, the proper inquiry is 'whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.' ....

If the petitioner satisfies the first prong, he must then establish that there is 'a reasonable probability that, but for counsel's unprofessional errors, the result would have been different ....

In Grounds Four and Five, petitioner contends that he received ineffective assistance of appellate counsel when appellate counsel failed to raise on appeal that petitioner was entitled "to the role adjustment under Section 3B1.1(c)" and to raise on appeal that the Government's contention that level 38 was the correct base offense level under Section 2D1.1(c)(1), even though no illegal drugs were seized, was error.

Petitioner was sentenced pursuant to the Sentencing Guidelines in effect in 1998.

Petitioner has not demonstrated that appellate counsel was ineffective in failing to raise on appeal the adjustment to

petitioner's base offense level pursuant to § 3B1.1(c).  The record in this action demonstrates that petitioner "was an organizer, leader, manager, or supervisor in any criminal activity ...."  Petitioner presents nothing in this motion demonstrating to the contrary.  Failure of appellate counsel to raise a sentencing issue on appeal does not constitute ineffective assistance of counsel where the action complained of did not result in an incorrect sentence.  See United States v. Schaflander, 743 F.2d 714, 719 (9th Cir. 1984), cert. denied, 470 U.S. 1058 (1985).

Petitioner's contention that appellate counsel was ineffective by failing to raise on appeal the calculation of the offense level pursuant to § 2D1.1(c) when no drugs were seized is without merit.  Application Note 12 to § 2D1.1 provides "[w]here there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of controlled substance."[3]

---

[3]Petitioner implies that appellate counsel was ineffective in failing to raise on appeal that the CLS chemicals would not have yielded 51,000 pounds of methamphetamine.  However, there is nothing in the record and no facts or evidence are alleged in petitioner's motion substantiating that the CLS chemicals would not have yielded 51,000 pounds of methamphetamine.  Furthermore, petitioner, who was representing himself at sentencing, did not file objections concerning the quantity of methamphetamine that could have been yielded by the CLS chemicals and did not present any expert evidence concerning this issue. [P]etitioner asserts that "[c]ompetent counsel, at sentencing, would have introduced expert testimony, and a multitude of other evidence, challenging the government's contention (accepted by the Court while Mr. Mincey represented himself, not being an attorney, and not being legally competent, or educated, in any way, in connection with Guideline

6

Therefore, petitioner is not entitled to relief on these grounds.

### C. **Grounds Four, Five, Nine and Ten**.

In Ground Four, petitioner contends that he was denied the effective assistance of counsel "when the trial court denied his motion for new appointed counsel on at least two occasions, resulting in him improperly representing himself at his sentencing and forfeiture hearings, and in the filing of post-trial motions and in filings for the sentencing hearing, including objections to the presentence report."  In Ground Five, petitioner contends that he was denied the effective assistance of counsel ... when the trial court violated <u>Faretta v. California</u> ... and allowed Mr. Mincey to represent himself at his sentencing and forfeiture hearings."

In Grounds Nine and Ten, petitioner contends that he was denied the effective assistance of appellate counsel when appellate counsel failed to raise on appeal that the court improperly denied petitioner's motion for new counsel to represent him for post-conviction proceedings and failed to raise on appeal that the court improperly permitted petitioner to represent himself during post-conviction proceedings.

matters), that the CLS chemicals would have yielded 51,000 pounds of methamphetamine."   However, as discussed <u>infra</u>, petitioner validly exercised his right to self-representation for post-conviction proceedings and cannot now claim that appellate counsel was ineffective for failing to raise an issue on appeal that petitioner did not raise at sentencing.

To the extent that petitioner claims that trial counsel was ineffective in moving the court to appoint new counsel to represent him, petitioner's claim is without merit.

The record in this action establishes that petitioner's trial counsel, Marshall Hodgkins, filed on petitioner's behalf an ex parte motion for new counsel on May 9, 2000.  Petitioner sent a letter to the court making the same request, which letter was filed on May 10, 2000.  The court conducted an _in camera_ hearing with respect to this motion on May 22, 2000 by Order filed under seal on May 22, 2000.  On November 9, 2000, the court received a letter from Mr. Hodgkins expressing concern about his continued representation of petitioner.  According to the record in this action, by Order filed on November 14, 2000, the court granted Mr. Hodgkins' request for a closed hearing concerning the representation of petitioner, setting the matter for hearing on November 20, 2000.  The court conducted an _in camera_ inquiry on November 20, 2000 concerning petitioner's renewed motion for substitution of counsel.  The court denied this second motion for substitution of counsel by Order filed under seal on November 29, 2000.  The court has reviewed the transcripts of the _in camera_ hearings and the Orders denying the two motions for substitution of counsel.  The court concludes that Mr. Hodgkins was not constitutionally ineffective in presenting these two motions and his position.  Petitioner was allowed to address the court at both hearings.  As stated in detail in the two Orders denying the

8

motions for substitution of counsel, the court concluded after reviewing the record and the standards governing resolution of such a request that petitioner was not entitled to new counsel. Petitioner's instant motion provides no new arguments or facts from which it may be inferred that trial counsel was ineffective in presenting and arguing the two motions for substitution of counsel and provides nothing from which the court may infer that it would have ruled differently than it did.

Petitioner's claim that he was denied the effective assistance of counsel "when the trial court violated <u>Faretta v. California</u> ... and allowed Mr. Mincey to represent himself at his sentencing and forfeiture hearings" also is without merit.

The record in this action establishes that, following oral argument on the motions for new trial conducted on February 1, 2001, petitioner, through Mr. Hodgkins, requested a closed session.  At that closed session, petitioner made a request to represent himself.  The court took the matter under submission, requesting that petitioner and Mr. Hodgkins discuss this request, and placed the request on calendar in <u>in camera</u> session on February 2, 2001.  At the February 2, 2001 hearing, Mr. Hodgkins advised the court that he had discussed the matter with petitioner and that it was still petitioner's request to represent himself.  A defendant has a constitutional right to represent herself in a criminal trial.  <u>Faretta v. California</u>, 422 U.S. 806 (1975).  However, because a defendant who wishes to

9

represent himself gives up many benefits associated with the right to counsel, the decision to represent himself must be knowing, intelligent and voluntary.  In addition, the request for self-representation must be unequivocal.  <u>Jackson v. Ylst</u>, 921 F.2d 882, 888 (9th Cir. 1990).  Before waiving right to counsel, the defendant must be made aware of the nature of the charges and the possible penalties, as well as the dangers and disadvantages of self-representation in a complex area where experience and professional training are most helpful.  Before granting a defendant's request to serve as his own counsel, the court must discuss with defendant, in open court, the factors set forth above in determining whether the waiver of right to counsel and the decision to represent himself was knowing, intelligent and voluntary.  <u>United States v. Harris</u>, 683 F.2d 322, 324 (9th Cir. 1982).  The court conducted this inquiry with petitioner in closed session on February 2, 2001 and concluded that petitioner's request to represent himself was knowing, voluntary and unequivocal and therefore granted petitioner's request. (Doc. 588).  The court concludes that there is nothing Mr. Hodgkins could have added to this inquiry and that, therefore, petitioner has not established ineffective assistance of counsel on this ground.

As noted, in Grounds Nine and Ten, petitioner contends he was denied the effective assistance of appellate counsel when appellate counsel failed to raise on appeal that the court

10

improperly denied petitioner's motion for new counsel to represent him for post-conviction proceedings and failed to raise on appeal that the court improperly permitted petitioner to represent himself during post-conviction proceedings.

Although it may be arguable that appellate counsel's failure to raise the two denials of the motions for substitution of counsel on appeal satisfies the first prong of the <u>Strickland</u> standard, the court concludes that petitioner has not established that he was prejudiced by this failure, i.e., that petitioner's conviction or sentence would have been reversed by the Ninth Circuit on appeal on this ground. The court considered the grounds asserted in support of both motions and considered the factors required by law in resolving motions for substitution of counsel in denying both motions. The Ninth Circuit reviews the denial of motions for substitution of counsel for abuse of discretion. <u>See</u> <u>United States v. Corona-Garcia</u>, 210 F.3d 973, 976 (9th Cir.), <u>cert. denied</u>, 531 U.S. 898 (2000). Petitioner has not demonstrated a reasonable probability that, but for appellate counsel's failure to raise this issue on appeal, the Ninth Circuit would have found that this court's denial of the two motions for substitution of counsel were an abuse of discretion.

With regard to petitioner's claim that he was denied the effective assistance of appellate counsel because of appellate counsel's failure to argue that the court improperly granted

petitioner's request for self-representation in post-conviction proceedings, it may be arguable that this failure satisfies the first prong of the Strickland standard.  However, petitioner has not demonstrated a reasonable probability that, but for the failure of appellate counsel to raise this issue on appeal, the Ninth Circuit would have reversed petitioner's conviction and sentence.  The court has reviewed the transcript of the Faretta inquiry conducted on February 2, 2001 and concludes that it complied with the legal requirements set forth above in determining that petitioner's request to represent himself in further post-conviction proceedings was knowing, intelligent and voluntary.

   D.  **Ground Eleven**.

   Petitioner contends that he was denied the effective assistance of trial counsel when trial counsel "failed to adequately point out and argue to the court and the jury that the evidence was insufficient, as a matter of law, to sustain a conviction on each of the charges on which he was tried, and on the forfeiture count."

   Petitioner has not demonstrated ineffective assistance of counsel.  Mr. Hodgkins argued to the court and to the jury that the evidence was insufficient to convict petitioner of the charges on which he was indicted.  On appeal the Ninth Circuit ruled that the evidence was sufficient to sustain petitioner's convictions and the forfeiture.  Petitioner's conclusory

12

assertion that Mr. Hodgkins' arguments regarding the sufficiency of the evidence were not "adequate" does not suffice to establish ineffective assistance of counsel.

At the time of the evidentiary hearing regarding the forfeiture count, which was tried to the court by stipulation of the parties, petitioner was representing himself.  Therefore, petitioner cannot assert ineffective assistance of counsel on this ground.

**E.   Ground Twelve**.

Petitioner contends that he was denied the effective assistance of appellate counsel because appellate counsel "failed to adequately point out and argue to the Ninth Circuit that the evidence adduced at trial was insufficient, as a matter of law, to sustain a conviction of each of the charges on which he was tried, and on the forfeiture count."

Petitioner's claim is without merit.  Appellate counsel raised the sufficiency of the evidence as a ground for appeal. The Ninth Circuit ruled on appeal that the evidence was sufficient to sustain petitioner's convictions.  Petitioner's conclusory assertion that counsel's arguments were not "adequate" does not suffice to establish ineffective assistance of appellate counsel.

**F.   Ground Thirteen**.

Petitioner argues that he was denied the effective assistance of trial counsel when Mr. Hodgkins "failed to

13

adequately investigate the case ...."

Petitioner is not entitled to relief on this ground.  A conclusory assertion that counsel failed to "adequately investigate" does not suffice to establish ineffective assistance of counsel.

Petitioner further contends that Mr. Hodgkins

> failed to present evidence that government official(s) clearly and affirmatively misled Mr. Mincey into believing that his actions were lawful, thereby supporting his defense of entrapment by estoppel.  This was in spite of the fact that Mr. Mincey repeatedly and clearly outlined for his trial counsel, in detail, exactly what had to be done and shown in order to make out a good entrapment by estoppel defense.

However, the court ruled during the trial and in denying petitioner's motion for new trial that petitioner was not entitled to the defense of entrapment by estoppel because no evidence was presented that any federal official or agent so authorized by the federal government expressly advised petitioner that the conduct with which he was eventually charged was legal or did not constitute a violation of the law, citing United States v. Ramirez-Valencia, 202 F.3d 1106, 1109 (9th Cir.), cert. denied, 531 U.S. 892 (2000); United States v. Collins, 61 F.3d 1379, 1385 (9th Cir.), cert. denied, 516 U.S. 1000 (1995); United States v. Brabner, 951 F.2d 1017, 1024-1027 (9th Cir. 1991).  The court's decision was affirmed by the Ninth Circuit on appeal. Petitioner describes no evidence that would have allowed the defense of entrapment by estoppel under these standards to be

14

presented to the jury.  Consequently, petitioner has not established ineffective assistance of counsel on this ground.

**G.  Ground Fourteen.**

Petitioner contends that he was denied the effective assistance of trial counsel when Mr. Hodgkins "advised him to testify when his trial counsel knew or should have known that the government's evidence was insufficient, as a matter of law, to sustain a conviction on each of the counts on which he was tried."

Petitioner is not entitled to relief on this ground. Following the conclusion of the Government's case in chief, the defendants made motions for judgment of acquittal pursuant to Rule 29, Federal Rules of Criminal Procedure, which motions were denied by the court.  The post-conviction motions for judgment of acquittal and motions for new trial were denied by the court.  As noted <u>supra</u>, appellate counsel unsuccessfully argued on appeal that the evidence was not sufficient to sustain petitioner's convictions.

Consequently, petitioner's assertion that calling petitioner as a witness in his own defense constituted ineffective assistance of counsel because Mr. Hodgkins knew that the evidence was insufficient is without merit.

**H.  Ground Fifteen.**

Petitioner contends that he was denied the effective assistance of trial counsel when trial counsel failed to object

15

at trial to the constructive amendment of the Indictment.
Petitioner contends that counsel's failure to do resulted in
plain error review by the Ninth Circuit on appeal but that <u>de
novo</u> review would have resulted in petitioner's convictions being
reversed.

Petitioner has not shown that he is entitled to relief on
this ground.

A constructive amendment occurs if there is a change in the
terms of the indictment, whether literal or in effect. <u>United
States v. Dipentino</u>, 242 F.3d 1090, 1094 (9th Cir. 2001). A
variance occurs when the proof introduced at trial differs
materially from the facts alleged in the indictment. <u>Jones v.
Smith</u>, 231 F.3d 1227, 1232 (9th Cir. 2000). As was the case on
direct appeal, petitioner points to no facts showing that the
terms of the indictment were altered by the evidence introduced
at trial.

Consequently, petitioner has not demonstrated that Mr.
Hodgkins was ineffective in failing to object to alleged
constructive amendment of the indictment and petitioner's claim
for relief on this ground is denied.

**I.   <u>Ground Sixteen</u>.**

Petitioner contends that he was denied the effective
assistance of trial counsel when counsel "failed to object to the
admission of the Chemical Handler's Manual, or the testimony and
exhibits that reflected certain laws and regulations concerning

16

the nature and scope of his company's (CLS's) obligations as a chemical retailer."  Petitioner asserts that, because of these failures to object, the Ninth Circuit reviewed the admission of this evidence under the plain error standard of review but that "[o]rdinary review ... after proper objection, would have resulted in a finding of non-harmless error, and a reversal of [petitioner's] convictions."

Petitioner is not entitled to relief on this ground. Petitioner does not allege a basis for objecting to the admission of any of this evidence, much less that any such objections would have been sustained.  Therefore, petitioner has not demonstrated ineffective assistance of counsel on this ground.

**J.  Ground Seventeen.**

Petitioner contends that he was denied effective assistance "when his trial counsel failed to object to each and every instance of prosecutorial and judicial misconduct, thereby resulting in the Ninth Circuit not granting the appropriate standard of review, which would have resulted in a reversal."

Petitioner's claim is without merit.  Petitioner's motion describes no instances of alleged judicial or prosecutorial misconduct.

Furthermore, this court rejected petitioner's claims of judicial misconduct in the "Order Denying Defendant Terry Crandall Mincey's Motion for New Trial, Judgment of Acquittal, and Arrest of Judgment" filed on March 8, 2001 as did the Ninth

17

Circuit on direct appeal.  Failure of trial counsel to move for a mistrial for alleged judicial misconduct does not constitute ineffective assistance of counsel where the actions complained of did not constitute judicial misconduct.  See United States v. Schaflander, 743 F.2d 714, 719 (9th Cir. 1984), cert. denied, 470 U.S. 1058 (1985).

The court also rejected petitioner's claims of prosecutorial misconduct in the "Order Denying Defendant Terry Crandall Mincey's Motion for New Trial, Judgment of Acquittal, and Arrest of Judgment" filed on March 8, 2001.  As noted, failure of trial counsel to move for a mistrial for alleged prosecutorial misconduct does not constitute ineffective assistance of counsel where the actions complained of did not constitute prosecutorial misconduct.  Schaflander, supra.  Furthermore, on direct appeal, the Ninth Circuit ruled in pertinent part with respect to petitioner's claims of prosecutorial misconduct at trial:

> Where Mincey objected to the prosecutor's alleged misconduct, we review for harmless error ... On the other hand, where Mincey did not object, we review for plain error ... Reversal based on prosecutorial misconduct is appropriate only if it appears more probable than not that prosecutorial misconduct materially affected the fairness of the trial ... Mincey fails to cite to any parts of the record, or any other facts, that would show prosecutorial misconduct.  Thus, under either standard of review, there is no basis for us to conclude that Mincey's conclusory allegations of prosecutorial misconduct materially affected the fairness of the trial.

Therefore, petitioner's claims that a contemporaneous objection

18

would have resulted in a different standard of review and a reversal of his conviction is not substantiated.

**K.   <u>Ground Eighteen</u>**

Petitioner contends that he was denied effective assistance "when trial counsel failed to raise prosecutorial misconduct in the grand jury prior to his trial."  Petitioner asserts that this "omission resulted in the Ninth Circuit failing to review this issue."

Petitioner is not entitled to relief on this ground. Petitioner's motion presents no facts from which it may be inferred that any prosecutorial misconduct occurred before the grand jury, that this court would have dismissed the indictment because of such prosecutorial misconduct if a motion to dismiss the indictment based on this ground had been made, or that the Ninth Circuit would have reversed his conviction on the ground of prosecutorial misconduct before the grand jury if trial counsel had made such a motion and this court denied it.

**L.   <u>Ground Nineteen</u>.**

Petitioner contends that he was denied effective assistance of counsel "when the Court improperly seized his assets at the time of his arrest, thereby depriving him of the ability to fairly defend himself."

Petitioner is not entitled to relief on this ground. Petitioner's defense attorney joined in co-defendant Lewis's opposition to the Government's Request for a Preliminary

19

Injunction, wherein the Government sought to restrain the financial assets of the defendants.  One of the arguments made by co-defendant Lewis was that she needed the assets to pay attorneys' fees.  The Request for Preliminary Injunction was argued on March 23, 1998 and granted by Order filed on April 3, 1998.  The implication in petitioner's motion that counsel was ineffective for failing to object to the seizure of petitioner's assets on the ground that petitioner needed them to retain counsel of his choice is without merit.  See United States v. Monsanto, 491 U.S. 600, 616 (1989)(rejecting argument that pretrial seizure of assets interferes with a criminal defendant's Fifth Amendment right to due process and Sixth Amendment right to counsel); Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 632-633 (1989)(rejecting argument that general seizure of assets interferes with a criminal defendant's Sixth Amendment right to retain counsel).  The court so ruled in the April 3, 1998 Order.   Failure to raise a meritless argument or to make a meritless motion does not constitute ineffective assistance of counsel.  See Boag v. Raines, 769 F.2d 1341, 1344 (9th Cir. 1985).

**M.   Ground Twenty**.

Petitioner contends that he was denied effective assistance because his "conviction was obtained by statements improperly and unconstitutionally obtained from him, and his trial counsel was ineffective in not preventing the use of these statements."

Petitioner is not entitled to relief on this ground.

20

Petitioner asserts no facts from which it may be inferred that any incriminating statements to law enforcement made by petitioner were obtained in violation of the Due Process Clause or <u>Miranda v. Arizona</u>.

### N. **Ground Twenty-One**.

Petitioner contends that his conviction was obtained "by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to him in connection with his defense of entrapment by estoppel and insufficiency of the evidence."

Petitioner is not entitled to relief on this ground.

A <u>Brady</u> violation occurs when the government suppresses material evidence, including impeachment evidence, favorable to the accused. <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963); <u>Giglio v. United States</u>, 405 U.S. 150, 154-155 (1972). Such evidence is material if there is a reasonable probability that the outcome of the trial would have been different if the evidence had been disclosed. <u>United States v. Bagley</u>, 473 U.S. 667, 682 (1985). A reasonable probability is established when the failure to disclose evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict. <u>Kyles v. Whitley</u>, 514 U.S. 419, 435 (1995).

Petitioner does not describe the allegedly favorable evidence suppressed by the Government. Therefore, he has not shown that a <u>Brady</u> violation has occurred or that he is entitled

to relief because of a <u>Brady</u> violation.

   **O.   <u>Grounds Twenty-Two, Twenty-Three and Twenty-Four</u>**.

   Petitioner contends that his conviction and sentence were in violation of the Double Jeopardy Clause "inasmuch as his sentence represented double punishment for the same offense for which he had already been punished by criminal forfeiture and the illegal seizure of his assets at the time of his arrest."   Petitioner further contends that he was denied the effective assistance of trial and appellate counsel when counsel failed to raise this double jeopardy claim.

   Petitioner's claims are without merit.   Petitioner's assets were seized and preliminarily restrained pursuant to 21 U.S.C. § 853.   The Superseding Indictment and the Second Superseding Indictment alleged counts for criminal forfeiture. Petitioner's assets were not forfeited to the United States until after petitioner's conviction and as part of his criminal sentence.   Therefore, petitioner's assets were forfeited pursuant to the criminal forfeiture statute during the same proceeding as his criminal conviction.   It is well-settled that Congress may impose multiple punishments for the same conduct without violating the Double Jeopardy Clause, so long as it clearly expresses its intent to do so.   Such is the case here.   There was no violation of the Double Jeopardy Clause.   <u>See</u> <u>Westine v. United States</u>, 1996 WL 456031 (6th Cir. 1996).   Consequently, neither trial counsel nor appellate counsel were ineffective in

failing to raise this claim.

**P.  <u>Ground Twenty-Five</u>.**

Petitioner contends he was denied the effective assistance of trial counsel

> when the critical defense forensic expert in the field of chemistry was hired on a short time line, was incompetent to testify, and was hearing impaired.  Mr. Mincey's trial counsel had ample time to retain and prepare one of the many forensic experts in this field so that Mr. Mincey would have had an effective defense.

Petitioner presents no facts from which it may be inferred the forensic expert was incompetent to testify or that his preparation as a defense witness was impaired because he was retained on a "short time line."  That the expert witness was hearing impaired has no bearing on his competence as an expert.[4]

Therefore, petitioner has not established ineffective assistance of counsel on this ground.

**Q.  <u>Ground Twenty-Six</u>.**

Petitioner contends he was denied effective assistance because trial counsel

> failed to prepare and investigate the case and failed to be prepared for the government's introduction of critical

---

[4]Petitioner contends that the expert witness "was further undermined, humiliated and made ineffective by the trial court's shouting at him and interference in his testimony."  However, this court rejected petitioner's claim that he was entitled to a new trial because of judicial misconduct arising from these allegations.  On appeal the Ninth Circuit rejected petitioner's argument that the court committed judicial misconduct based on these allegations.

> evidence, including California statutes,
> misinformation in connection with these
> statutes, and an IRS form 8300.  By the time
> this evidence was introduced (improperly) by
> the prosecution, no appropriate objections
> had been made, no motions <u>in limine</u> or to bar
> the evidence had appropriately been filed,
> and no defense planning or strategy to meet
> or counter this evidence had occurred or been
> developed.

The Ninth Circuit ruled on appeal that the admission of

these documents was not error.  Consequently, petitioner has not

demonstrated that trial counsel was ineffective because of his

failure to object to the admission of the described evidence.

**R.   <u>Ground Twenty-Seven</u>.**

Petitioner contends he was denied effective assistance when

trial counsel

> failed to make the appropriate evidentiary
> objections, failed to make the appropriate
> arguments, failed to file the appropriate
> motions <u>in limine</u>, and failed to prepare and
> hire the appropriate forensic experts which
> would have resulted in legal objections to
> the admissibility of the testimony of
> industry experts and a partially redacted
> newspaper article being sustained by either
> the district court or the Ninth Circuit.

To the extent that this ground for relief repeats the claims

of ineffective assistance set forth in Grounds Twenty-Five and

Twenty-Six, these claims are without merit.  <u>See discussion</u>

<u>supra</u>.

Petitioner's claim that counsel was ineffective in failing

to object to the admissibility of the testimony of industry

experts also is without merit.  The Ninth Circuit has ruled that

24

the admission of this evidence was proper.

Petitioner's has not demonstrated that counsel was ineffective because different arguments would have resulted in the exclusion from evidence of the partially redacted newspaper article is without merit.  Petitioner does not describe what additional arguments could have been made which would have resulted in the exclusion of this evidence.  Furthermore, the Ninth Circuit has ruled that the admission of this evidence was proper.

**S.   Ground Twenty-Eight.**

Petitioner contends that "[t]he products of CLS were not covered by or illegally distributed under 21 U.S.C. § 841(d)(1) [sic], as a matter of law; convictions of attempt and aiding and abetting and criminal forfeiture and money laundering and conspiracy, all predicated on violations CLS's violations [sic] of Section 841(d)(1)[sic] were likewise flawed."  Petitioner contends he was denied the effective assistance of trial and appellate counsel when they failed to raise this issue.

Petitioner's contention is unsupported by any facts or legal analysis.  The Second Superseding Indictment charged petitioner with, among other violations, several counts of aiding and abetting the attempted possession of hydriodic acid, a listed chemical, knowing, or having reasonable cause to believe that the hydriodic acid would be used to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(d)(2).  Because hydriodic

acid is a listed chemical, petitioner's claim that he was denied the effective assistance of counsel when counsel failed to raise this argument fails.

**T.   Ground Twenty-Nine.**

Petitioner contends he was denied effective assistance when trial counsel

> failed, in spite of repeated instructions and detailed information provided by Mr. Mincey, to introduce and/or develop evidence, including witness and expert witness testimony, and the obtaining and preparation of exhibits, on theory of the defense, lack of knowledge, CLS's compliance with California and Federal regulation and statute, and other evidence concerning the basis for the lack of knowledge of wrongdoing by Mr. Mincey or CLS.  This resulted in the defense's theory of defense instruction being denied.  Further, the theory of defense on knowledge and reliance on officials, regulations, and statutes, was not appropriately argued to the jury or the court.

Petitioner's conclusory assertion does not entitle him to relief.  Petitioner does not describe the evidence or testimony upon which he bases this claim and makes no specific showing that this evidence would have been relevant and admissible to petitioner's defense of lack of intent to violate the law and reliance on officials.  Petitioner's contention that Mr. Hodgkins did not "appropriately" argue the defense case to the jury does not demonstrate ineffective assistance of counsel under the Strickland standard.

**U.   Ground Thirty.**

Petitioner asserts he was denied effective assistance "when his trial counsel failed to argue and/or file appropriate motions for judgment of acquittal both during and after trial, as provided in Federal Rules of Criminal Procedure 29."

Petitioner is not entitled to relief on this ground.  Mr. Hodgkins made an oral motion for judgment of acquittal at the close of the Government's case-in-chief.  In addition, Mr. Hodgkins filed a motion for judgment of acquittal and new trial arguing that there was "little, if any indication that the required elements of the offenses charged in the Indictment were met" and that "there is a lack of evidence of the required mental elements for all counts."  In addition, Mr. Hodgkins joined the motion for judgment of acquittal filed by co-defendant Betty Lou Lewis with regard to the sufficiency of the evidence to support Count 23.  A motion for judgment of acquittal challenges the sufficiency of the evidence.  The Ninth Circuit ruled on direct appeal that the evidence was sufficient to support petitioner's convictions.  Petitioner's conclusory assertion that the motions for judgment of acquittal made by Mr. Hodgkins were not "appropriate" does not suffice to establish that he was denied the effective assistance of counsel in the making and arguing of the motions for judgment of acquittal.

Therefore, this ground for relief is denied.

**V.   <u>Grounds Thirty-One and Thirty-Two</u>**.

Petitioner contends he was denied the effective assistance

27

of trial and appellate counsel when counsel failed to raise that
the United States had conducted an unconstitutional search of
CLS's business premises on November 4, 1997.

Petitioner's claim is without merit to the extent that it is
based on the alleged failure of trial counsel to raise this
issue.  On November 17, 1998, co-defendant Richard Simonsen filed
a motion to suppress evidence seized during the execution of a
search warrant on November 4, 1997 at 801 98th Avenue, Oakland,
California, the business premises of CLS.  This motion was joined
by petitioner on November 30, 1998.  The motion to suppress was
denied by Order filed on January 8, 1999.

Petitioner's claim is without merit with respect to
appellate counsel as well.  Petitioner makes no showing that the
court's denial of the motion to suppress was in error.

ACCORDINGLY:

1.  Petitioner Terry Crandall Mincey's Motion to Vacate, Set
Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is denied.

2.  The Clerk of the Court is directed to enter judgment for
respondent.

IT IS SO ORDERED.

**Dated:  June 2, 2005**            **/s/ Robert E. Coyle**
668554                          UNITED STATES DISTRICT JUDGE

28